**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA KALINOWSKI, DEBORAH )<br>MARCINKIEWICZ, and ESTATE OF )<br>RICHARD MARCINKIEWICZ, )<br>)<br>Defendant. )<br>_____ )<br>)<br>DEBORAH MARCINKIEWICZ and )<br>ESTATE OF RICHARD )<br>MARCINKIEWICZ, )<br>)<br>Counter-Plaintiffs, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA and PATRICIA )<br>KALINOWSKI, )<br>)<br>Counter-Defendants. ) | No. 09 C 1316<br><br>Honorable Charles R. Norgle |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Defendant/Counter Plaintiff Patricia Kalinowski's ("Patricia") motion

for judgment on the pleadings. Patricia, the ex-wife of deceased Richard Marcinkiewicz

("Richard"), and Richard's surviving wife, Deborah Marcinkiewicz ("Deborah"), both claim that

they are entitled to the proceeds of two insurance policies that Richard once held. For the

following reasons, the motion is granted.

# I. BACKGROUND

A. FACTS

Richard participated in an employee welfare benefit plan that the Metropolitan Water Reclamation District of Greater Chicago (the "District") maintained for its employees. The plan provided basic term life insurance benefits, which Plaintiff Life Insurance Company of North America ("LINA") underwrote pursuant to the terms of the District's group policy. Richard was eligible and elected to be covered for basic term life insurance in the amount of $20,000.00 and supplemental life insurance in the amount of $47,000.00, for a total of $67,000.00. In addition to life insurance benefits, Richard also qualified for and participated in an accidental death insurance policy with benefits underwritten by LINA. He elected coverage in the amount of $67,000.00.

On January 2, 1990 Richard completed a beneficiary designation form, through which he designated Patricia as the sole beneficiary of his group life insurance policy. He was not required to and did not designate a beneficiary for his accidental death policy, though that policy states, in relevant part:

> The beneficiary, unless the covered person specifies otherwise as provided below, will be the person he has named as the beneficiary of any group life insurance, or if none is in force, of any group accident insurance provided by the policy holder.

Compl., Ex. C at 15. Under this provision, Patricia became the beneficiary of Richard's accidental death policy.

Richard and Patricia divorced in 1997. The parties finalized their divorce on September 3, 1997, at which time they signed a Judgment for Dissolution of Marriage, which adopted and incorporated a Marital Settlement Agreement. The Marital Settlement Agreement states, in one provision, that:

Whereas, the Husband and Wife consider it to be in their best interest to settle between themselves now and forever their respective rights as to property rights, dower rights, homestead rights, inheritance rights and all other rights of property otherwise growing out of the marriage relationship existing between them and which either of them now has or may hereafter have or claim to have in any property of every kind, nature and description, real, personal or mixed, now owned or which may hereafter be acquired by either of them.

Compl., Attachment to Ex. D. at 1. The purpose of this provision, says Deborah, was for Richard and Patricia to fully and completely resolve any issues with respect to the other's property or interests. And, after listing the provisions with respect to the couple's specific property, the parties also included in the Marital Settlement Agreement a detailed Waiver provision, which states, in relevant part:

In addition, as to any asset assigned to a party by this agreement, if evidenced by an instrument naming the non-owning party a beneficiary, a successor in interest, or giving any rights of survivorship, such interest is hereby specifically revoked by the non-owning party, as if revoked on the face of the instrument. This waiver shall include, but is not limited to, annuities, life insurance policies, certificates of deposit, bonds, bills, notes, etc.

Id., Article IX at 8-9.

Richard married Deborah on February 23, 2000. He died on October 25, 2008 as a result of injuries sustained in an automobile accident. In light of his death, LINA became obligated to pay the sums due under the life insurance policy and the accidental death policy, which totaled $134,147.00. There is no dispute that Richard did not amend the beneficiary designation for either the life insurance or accidental death insurance policies that he held.

**B. PROCEDURAL HISTORY**

LINA initiated this case on March 2, 2009 against Patricia, Deborah and Richard's estate, seeking interpleader relief pursuant to FED. R. CIV. P. 22. On June 12, 2009 Patricia filed a series of counterclaims against Deborah, Richard's estate and LINA, and amended those claims approximately one month later. Her counterclaims include four separate counts, alleging claims

for declaratory relief, constructive trust and breach of contract, though the primary purpose of Patricia's counterclaims is to require LINA to pay her the proceeds of Richard's two life insurance policies.

On July 23, 2009 Patricia filed a motion for judgment on the pleadings. In response, LINA clarified that the purpose of its complaint for interpleader relief was to seek guidance from the Court as to the proper recipient of the insurance funds. See Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008). As such, LINA took no position as to who was entitled to the insurance proceeds, but admitted that it initially paid the life insurance proceeds to Deborah, based on her representations regarding the divorce decree's waiver provision. LINA requests nevertheless that the Court impose a constructive trust on the proceeds until this Court can determine the proper beneficiary of those proceeds.

While the parties were briefing Patricia's motion for judgment on the pleadings, Deborah filed two counterclaims against Patricia, one seeking declaratory relief with respect to the insurance proceeds and one alleging fraud based on unknown misrepresentations that Patricia made to Richard to induce him to sign the Marital Settlement Agreement. On October 28, 2009 Patricia moved to dismiss Deborah's fraud claim, arguing that Deborah failed to plead fraud with particularity. Two days later, the Court granted the motion to dismiss; thus the only motion for the Court to decide at this point is the motion for judgment on the pleadings, which is fully briefed and before the Court.

## II. DISCUSSION

### A. STANDARD OF DECISION

The court reviews Rule 12(c) motions for judgment on the pleadings under the same standard applicable to dismissals under Rule 12(b)(6) for failure to state a claim on which relief

can be granted. Guise v. BWM Mortg., LLC, 377 F.3d 795, 798 (7th Cir. 2004). In considering a 12(c) motion, the court accepts the facts alleged in the complaint in the light most favorable to the non-moving party. Guise, 377 F.3d at 798. All allegations of fact by the party opposing the motion are accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Sutton v. Chi. Police Dep't, No. 93 C 2232, 1997 WL 135675, at *5 (N.D. Ill., Mar. 21, 1997). The court will grant the motion only if no genuine issues of material fact exist and if it appears beyond doubt that the non-moving party is unable to prove any set of facts to support its claim for relief. Brunt v. SEIU, 284 F.3d 715, 718-19 (7th Cir. 2002).

Any contracts or other agreements attached to the complaint are part of the pleadings for purposes of a motion for judgment on the pleadings. FED. R. CIV. P. 10(c); N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). And issues with respect to contract interpretation, a matter of law, are "generally amenable to resolution in the context of a judgment on the pleadings." Asta, L.L.C. v. Telezygology, Inc., 629 F. Supp. 2d 837, 842 (N.D. Ill. 2009) (citing Rickher v. Home Depot, Inc., 535 F.3d 661, 664 (7th Cir. 2008) ("Under Illinois law, the interpretation of a contract presents a question of law that is decided by the court.")).

## B. WAIVER PROVISION

Patricia's primary argument in support of her motion is that Richard never changed the beneficiary status on his insurance policies, and thus, despite the agreement's waiver provision, she is entitled to the insurance proceeds as the named beneficiary. In response, Deborah asserts that Patricia waived her interest in the proceeds of Richard's life insurance policies by the express terms of their Marital Settlement Agreement. In essence, the waiver provision nullifies Patricia's claim, says Deborah, even if she is the named beneficiary of Richard's policies. The

issue for this Court to decide, then, is whether under the circumstances "a reasonable person would have understood that [he or she] was waiving [his or her] interest in the proceeds or benefits in question." Melton v. Melton, 324 F.3d 941, 945-46 (7th Cir. 2003). The Court is more concerned with this objective analysis, than with "any magic language contained in the waiver itself." Id. (citing Clift v. Clift, 210 F.3d 268, 271 (5th Cir. 2000)).

There are several cases that discuss the effect of waiver provisions in divorce decrees, though there is no need to examine each of them here. This case is rather unique. On the one hand, Deborah is right to say that the parties' divorce agreement contained a blanket revocation of their interests in all financial and property rights that they held, or will hold in the future. However, the waiver provision contains a clear and unambiguous caveat, which is worth repeating. Just before the waiver provision describes the property that the parties are waiving, it says, ". . . as to any asset assigned to a party by this agreement. . . ." In other words, as the agreement is written, the waiver provision applies "to any asset assigned to a party by this agreement." This limiting language therefore contemplates that the parties are waiving their property and financial rights and interests in those assets that are mentioned specifically in the terms of the Marital Settlement Agreement that precede the waiver provision. If the division of assets and property fails to mention Richard's insurance policies, or the proceeds thereof, then the waiver provision does not apply, and Patricia as the named beneficiary is entitled to recover those proceeds.

In Melton v. Melton, the Seventh Circuit considered a waiver provision that was exactly the same as the provision in this case, except for the added transitional phrase, "in addition." In that case, the named beneficiary of the decedent's group term life insurance policy claimed entitlement to decedent's insurance proceeds. As expected, the decedent's widow objected. At

issue was the language of a divorce decree that the decedent entered with his ex-wife. The divorce decree contained a complete waiver of rights to "any asset assigned to a party by [the] Agreement." 324 F.3d at 946. In general terms, the waiver included an additional sentence that said, "[t]his waiver shall include, but is not limited to annuities, life insurance policies, certificates of deposit, bonds, bills, notes, etc."[1] But more importantly, neither the waiver provision nor the divorce decree's division of assets mentioned the decedent's group term life insurance policy. Id. As such, the Seventh Circuit concluded that "the language of this waiver is not sufficiently explicit to operate as a waiver of [the ex-wife's] interest" in the decedent's benefits. Id.

The Court finds that the broad language of Richard and Patricia's divorce agreement is insufficient to constitute a waiver of Patricia's rights as the beneficiary of Richard's life insurance policies. Indeed this conclusion is bolstered by the fact that Richard and Patricia's divorce agreement specifically assigned several assets to each of the parties, including the family pet, marital residence, furniture, motor vehicles, pension plans and personal property. But the divorce agreement is completely silent as to Richard's insurance policies. The agreement neither mentions those policies nor assigns them to either of the parties. Given these facts, and in light of the Seventh Circuit's decision in Melton, the Court finds that Patricia did not waive her interest in the proceeds of Richard's group term life insurance policy and accidental death policy by the terms of her divorce agreement with Richard. Minn. Life Ins. Co. v. Hamilton, 07 C 056,

---

[1] Though the Seventh Circuit did not quote this second sentence in its opinion, the divorce decree in Melton is part of the public record and available through the Seventh Circuit's docketing system and website. The Court recovered that divorce decree to make a more accurate comparison to the divorce decree in this case. Recall that in ruling on a motion for judgment on the pleadings, "the district court may take into consideration documents incorporated by reference to the pleadings" and "may also take judicial notice of matters of public record." E.g., U.S. v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991); Langone v. Miller, 631 F. Supp. 2d 1067, 1070 (N.D. Ill. 2009) ("The Court is also allowed to take judicial notice of matters in the public record, such as filings in other courts.").

2008 WL 905909, at *6 (S.D. Ill. Apr. 2, 2008) (finding broad waiver language insufficient where agreement did not specifically contemplate term life insurance proceeds).

Deborah, moreover, contends that Patricia has no basis for a claim to Richard's life insurance proceeds because the parties intended to fully settle their respective property rights "and all other rights of property otherwise growing out of the marriage relationship. . . ." Compl., Attachment to Ex. D. at 1. This language, says Deborah, constitutes a complete adjustment of the parties' property rights, which somehow includes Richard's insurance policies, and therefore obviates Patricia's claim. The Court finds this argument is unavailing.

First, Richard's insurance policies are not property that has otherwise "grow[n] out of the marriage relationship," as required by the clause that Deborah cites. That language refers to property rights that become legally vested through the act of marriage, such as dower or inheritance, not to assets simply acquired during or prior to the marriage, such as the insurance policy in this case. See Melton, 324 F.3d at 946. Second, a provision that contains a blanket statement of the parties' intent, by itself, is not enough to vitiate a party's beneficiary status, where the particular life insurance policies are not mentioned in the division of assets. Minn. Life Ins. Co., 2008 WL 905909, at *5-*6 (noting that it is not persuaded by a blanket revocation provision where the life insurance policy was not identified in the agreement) (citing Melton, 324 F.3d at 946).

In further support of her waiver argument, Deborah relies on Principal Mut. Life Ins. Co. v. Juntunen, 545 N.E.2d 224 (Ill. App. Ct. 1989), though that case is easily distinguishable. There the court considered a waiver provision in a divorce decree that stated, without limitation, that the parties release and waive any interest that the other party "may have acquired in or to life insurance policy(ies) owned by the other." Juntunen, 545 N.E.2d at 225. The crucial distinction

between the waiver in <u>Juntunen</u> and the waiver in this case is that Richard and Patricia's general waiver contained a limitation – the parties waived their rights and interest as to any asset "*assigned to a party by the [divorce agreement]*." No such limitation exists in <u>Juntunen</u>, and therefore it's inapplicable. Accordingly, the waiver provision in this case has no bearing on Patricia's rights as a beneficiary of Richard's policy proceeds.

### III. CONCLUSION

For the foregoing reasons, Defendant/Counter Plaintiff Patricia Kalinowski's motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: _1-28-10_